UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>**Curtis Anthony Simmons,**<br><br>DEBTOR(S)<br><br>Address: **106 Mayfield Dr**<br>**Goose Creek, SC 29445**<br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): **0455** | CASE NO: 16-01626<br><br>CHAPTER 13<br><br><br><br>MOTION TO MODIFY PLAN AFTER CONFIRMATION<br>AND OPPORTUNITY FOR HEARING |

      The Court has confirmed a chapter 13 plan in this case. The debtor(s) moves, pursuant to 11 U.S.C. § 1329(a), and Fed. R. Bankr. P. 3015(h), to modify the confirmed plan as follows:

**III.B.6 – Amended to surrender Debtor's house.**

A copy of the plan with these modifications included is attached.

      TAKE NOTICE that any response, return, and/or objection to this motion should be filed with the Court no later than 21 days after the service of the modified chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a), on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s).

      TAKE FURTHER NOTICE that no hearing will be held on this motion, except at the direction of the judge, unless a response, return, and/or objection is timely filed and served, in which case the Court will conduct a hearing on **February 10, 2022** at **10:00 a.m.**, at **145 King Street**, **Charleston**, **South Carolina**. No further notice of this hearing will be given.

| | |
|---|---|
| Date:  January 4, 2022 | /s/ Richard A. Steadman, Jr._____<br>Richard A. Steadman, Jr.<br>P.O. Box 60367<br>North Charleston, SC 29419<br>Ph. (843) 529-1100<br>rsteadman@steadmanlawfirm.com<br>District Court I.D. #4284<br>Attorney for Debtor(s) |

**EXHIBIT A TO SC LBR 3015-1**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:
**Curtis Anthony Simmons**

DEBTOR(S)

CASE NO: **16-01626**
CHAPTER:  13

NOTICE, CHAPTER 13 PLAN,
MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE

**I.   MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

A. <u>Nonpossessory, Nonpurchase - Money Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase- money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| **Credit Central** TVs, DVD player, computer, microwave, refrigerator, stove, washer, dryer | 1,100.00 | 0.00 | 1,100.00 | 576.00 | 0.00 | 576.00 |
| **Pioneer Credit Company** Couch, loveseat, tables, chairs, beds, dressers, gas grill, miscell | 1,100.00 | 0.00 | 400.00 | 2,024.95 | 0.00 | 2,024.95 |
| **Republic Finance** Couch, loveseat, tables, chairs, beds, dressers, gas grill, miscell | 1,100.00 | 2,024.95 | 400.00 | 0.00 | 0.00 | 0.00 |

B. <u>Judicial Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of the debtors interest in property | Judicial lien Not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

---

[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Holder and amount of superior liens | Estimate of creditors claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| **W S BADCOCK CORPORATION\* Washer, Dryer, Dinning Table** | 400.00 | None | 502.51 | 400.00 | 102.51 |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| **-NONE-** | | | | |

## II. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A. <u>Payments from the debtor to the chapter 13 trustee (the trustee)</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of **$800.00 per month for 7 months, then $0.00 per month for 3 months, then $880.00 per month for 15 months, then $0.00 per month for 3 months, then $880.00 per month for 11 months, then $600.00 per month for 18 months, then $0.00 per month for 2 months, then $600.00 per month for 10 months**, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

## III. PLAN DISTRIBUTIONS TO CREDITORS.
To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. Attorney for the debtor:

    1. The debtor and the debtors attorney have agreed to an attorneys fee in the amount of $__**3,750.00**__ for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $__**657.00**__ was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorneys compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorneys fees in advance of payments to creditors.

    2. If, as an alternative to the above treatment, the debtors attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $____ or less.

B. Secured Creditor Claim: The plan treats secured claims as follows:

    1. <u>General Provisions</u>: The terms of the debtors pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. §362(c)(3) or (c)(4).) Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

    2. <u>Long-term or mortgage debt. No default</u>:
The debtor is current on obligations to **-NONE-** and will continue regular payments directly to that creditor. Description of collateral:

    3. <u>Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5)</u>:

        a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditors allowed claim or as otherwise ordered by the Court to **-NONE-** at the rate of $____ or more per month, for _____, along with __% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b.) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

        b. Maintenance of regular non-arrearage payments. Beginning , the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

    4. <u>Secured portion of claims altered by valuation and lien avoidance</u>:
The trustee shall pay **W S BADCOCK CORPORATION\*** the sum of $**10.00** or more per month, along with **5.25**% interest until the secured claim of $ **400.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

    5. <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>:
The trustee shall pay **-NONE-** the sum of $(payment amount) or more per month, along with (percentage)% interest until the allowed secured claim is paid in full.

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

6. Surrender of property:

The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **Regional Acceptance Co 2012 Honda Accord 24,000 miles**. Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **Suburban Mortgage 106 Mayfield Drive Goose Creek, SC 29445 Berkeley County**. Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

7. Secured tax debt:

The trustee shall pay **IRS\*** the sum of $ **73.00** or more per month until the **net balance** of creditor's secured claim plus **5.25** % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

The trustee shall pay **SC Department of Revenue** the sum of $ **115.00** or more per month until the **net balance** of creditor's secured claim plus **5.25** % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C. Priority Creditors: Priority claims shall be paid as follows:

1. Domestic Support Claims. 11 U.S.C. § 507(a)(1):

   a. Pre-petition arrearages.
   The trustee shall pay the pre-petition domestic support obligation arrearage to **-NONE-**, at the rate of $(amount) or more per month until the balance, without interest, is paid in full.

   b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. §101(14A) on a timely basis directly to the creditor.

   c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

2. Other Priority debt. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

D. Executory Contracts and Unexpired Leases: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ **0.00** or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E. General Unsecured Creditors: General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor **does not** propose to pay 100% of general unsecured claims.

**IV. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Date:   **January 4, 2022**                BY:  **/s/ Richard A Steadman, Jr.**
                                                **Richard A Steadman, Jr. 4284**
                                                **6296 Rivers Avenue**
                                                **Suite 102**
                                                **Charleston, SC 29406**
                                                **843-529-1100**
                                                Attorney for the Debtor/*Pro Se* Debtor
                                                District Court I.D. **4284 SC**

**/s/ Curtis Anthony Simmons**
**Curtis Anthony Simmons**
Debtor

### CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date.  The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 16-01626-jw<br>District of South Carolina<br>Charleston<br>Tue Jan  4 13:11:25 EST 2022 | John Douglas Barnett<br>U.S. Attorney's Office<br>1441 Main St #500<br>Columbia, SC 29201-2862 | Berkeley County Treasurer<br>PO BOX 6122<br>Moncks Corner SC 29461-6120 |
| CSC<br>1750 Elm Street, Ste 1200<br>Manchester NH 03104-2907 | Capital One<br>P. O. Box 71083<br>Charlotte NC 28272-1083 | Comcast Cable<br>PO Box 63407<br>North Charleston SC 29419-3407 |
| Credit Central<br>700 East North St<br>Suite 15<br>Greenville SC 29601-3013 | Credit Collections Svc<br>Po Box 773<br>Needham MA 02494-0918 | Magalie A Creech<br>Finkel Law Firm LLC<br>PO Box 1799<br>1201 Main Street, Suite 1800<br>Columbia, SC 29201-3294 |
| Derek F. Dean<br>Simons & Keavey<br>147 Wappoo Creek Dr<br>Suite 604<br>Charleston, SC 29412-2157 | (p)DIRECTV LLC<br>ATTN BANKRUPTCIES<br>PO BOX 6550<br>GREENWOOD VILLAGE CO 80155-6550 | (p)GLOBAL LENDING SERVICES LLC<br>1200 BROOKFIELD BLVD STE 300<br>GREENVILLE SC 29607-6583 |
| Global Lending Services LLC<br>3268 PROGRESS WAY,SUITE 2089<br>WILMINGTON OH 45177-7700 | IC Systems, Inc<br>PO Box 64437<br>Saint Paul MN 55164-0437 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| IRS - US Attorney<br>J. Douglas Barnett, AUSA<br>1441 Main Street<br>Suite 500<br>Columbia, SC 29201-2897 | IRS*<br>Centralized Insolvency Operations<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Intercap Lending Inc<br>5600 Wyoming Blvd Ne Ste<br>Albuquerque NM 87109-3149 |
| John B. Kelchner<br>Hutchens Law Firm<br>PO Box 8237 (29202) 240 Stoneridge Drive<br>Suite 400<br>Columbia, SC 29202-8237 | Latitude 32 Credit Uni<br>1845 Sam Rittenberg Blvd<br>Charleston SC 29407-4870 | Latitude 32 Credit Union<br>1845 Sam Rittenberg Blvd<br>Charleston SC 29407-4870 |
| Lowcountry Orthopaedics<br>2880 Tricom Street<br>Charleston SC 29406-9171 | Moss & Associates PA<br>2170 Ashley Phosphate Rd, Ste 405<br>Charleston SC 29406-4178 | (p)NATIONSTAR MORTGAGE LLC<br>PO BOX 619096<br>DALLAS TX 75261-9096 |
| Pioneer Credit Company<br>1660 Sam Rittenberg Road<br>Ste 8<br>Charleston SC 29407-4933 | Porania LLC<br>c/o Biltmore Asset Management<br>24500 Center Ridge Rd Ste 472<br>Westlake, OH 44145-5605 | Progressive<br>P.O. Box 413110<br>Salt Lake City UT 84141-3110 |
| QUANTUM3 GROUP LLC<br>PO BOX 788<br>Kirkland WA 98083-0788 | QUICKEST CASH ADVANCE.COM<br>WILLIAMSON AND BROWN,LLC<br>P.O. Box 141419<br>Irving, TX 75014-1419 | Quantum3 Group LLC as agent for<br>NCEP LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 |

| | | |
|---|---|---|
| (p)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 | Regional Acceptance Co<br>Attn: Bankruptcy<br>266 Beacon Ave<br>Winterville NC 28590-7924 | Regional Acceptance Corporation<br>c/o Tobias G. Ward, Jr.<br>Post Office Box 50124<br>Columbia, SC 29250-0124 |
| Regional Acceptance Corporation<br>PO Box 1847<br>Wilson, NC 27894-1847 | Republic Finance<br>241 St. James Ave.<br>Ste 150<br>Goose Creek SC 29445 | Santander Consumer USA*<br>PO BOX 105255<br>Atlanta GA 30348-5255 |
| Lauren J. Schumann<br>Steadman Law Firm<br>PO Box 60367<br>North Charleston, SC 29419-0367 | Amanda Sexton<br>1170 Mccane ct.<br>Batavia, OH 45103-1089 | Curtis Anthony Simmons<br>106 Mayfield Dr<br>Goose Creek, SC 29445-7300 |
| (p)SOUTH CAROLINA DEPARTMENT OF REVENUE<br>OFFICE OF THE GENERAL COUNSEL - BANKRUPTCY SECTION<br>300A OUTLET POINTE BLVD<br>COLUMBIA SC 29210-5666 | (p)SPRINGLEAF FINANCIAL SERVICES<br>P O BOX 3251<br>EVANSVILLE IN 47731-3251 | Springleaf Finanical Services of SC<br>Springleaf Financial Services, Inc.<br>PO Box 3251<br>Evansville IN 47731-3251 |
| Richard A. Steadman Jr.<br>STEADMAN LAW FIRM PA<br>P O Box 60367<br>North Charleston, SC 29419-0367 | Suburban Mortgage<br>5600 Wyoming Blvd NE<br>Ste 20<br>Albuquerque NM 87109-3176 | TEMPOE, LLC d/b/a<br>WHY NOT LEASE IT<br>720 E. Pete Rose Way, Suite 400<br>Cincinnati, OH 45202-3576 |
| (p)TEMPOE  LLC DBA WHY NOT LEASE IT<br>ATTN BOB HOLWADEL<br>720 EAST PETE ROSE WAY SUITE 400<br>CINCINNATI OH 45202-3576 | Trident Regional Medical Center<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602-1927 | Trimed Services LLC<br>1011 Lake Hunter Circle<br>Mount Pleasant SC 29464-5418 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | Verizon Wireless<br>PO BOX 4001<br>Acworth GA 30101-9002 | W.S.Badcock Corporation<br>Post Office Box 724<br>Mulberry,FL 33860-0724 |
| Tobias G. Ward Jr.<br>Tobias G. Ward, Jr., PA<br>PO Box 6138<br>Columbia, SC 29260-6138 | James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Direct TV<br>PO Box 11732<br>Newark NJ 07101 | Global Lending Services<br>P.O.Box 311<br>Williamsville, NY 1 | Nationstar Mortgage LLC<br>D/B/A Mr. Cooper<br>ATTN: Bankruptcy Dept<br>PO Box 619096<br>Dallas, TX 75261-9741 |

REPUBLIC FINANCE
282 TOWER RD
PONCHATOULA, LA 70454

(d)Republic Finance, LLC
282 Tower Rd.
Ponchatoula, LA 70454

(d)Republic Finance, LLC
1140 Roma Avenue
Hammond, LA 70403


South Carolina Department of Revenue
P. O. Box 12265
Columbia SC 29211

Springleaf Financial Services
P.O. Box 3251
Evansville, IN 47731-3251

Tempoe LLC
1750 Elm Street
Suite 1200
Manchester, NH 03104


(d)WS Badcock Corp
PO Box 232
Mulberry FL 33860-0232


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Brickhope Plantation (Tract E2-C) Master C

(u)Nationstar Mortgage LLC d/b/a Mr. Cooper

(d)QUICKEST CASH ADVANCE.COM
Williamson and Brown,LLC
PO BOX 141419
IRVING, TX 75014-1419


(u)Suburban Mortgage Company

End of Label Matrix
Mailable recipients    52
Bypassed recipients     4
Total                  56